**SEALED**

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

NOV 17 2010

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Case No. 2:10CR16 |
| STEPHANIE NEWTON<br>JAMES CRABTREE<br>THELMA NEWTON | : Violations: 18 U.S.C. § 2<br>: 18 U.S.C. § 1001<br>: 18 U.S.C. § 1512<br>: 21 U.S.C. § 841(a)(1)<br>: 21 U.S.C. § 846 |

## INDICTMENT

### COUNT ONE

The Grand Jury charges that:

1. On or about and between January 1, 2009, and November 16, 2010, in the Western District of Virginia and elsewhere, STEPHANIE NEWTON, JAMES CRABTREE, THELMA NEWTON, and others, known and unknown to the grand jury, conspired to possess with the intent to distribute and distribute cocaine, Percocets (oxycodone), and OxyContin (oxycodone), or their equivalents, Schedule II controlled substances, and Xanax (alprazolam) and Lortabs (hydrocodone), or their equivalents, Schedule III controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

2. All in violation of Title 21, United States Code, Sections 846, 841(b)(1)(C) and 841(b)(1)(E)(i).

### COUNT TWO

The Grand Jury charges that:

USAO # 2010R00617

1. On or about and between February 3, 2010 and February 4, 2010, in the Western District of Virginia and elsewhere, STEPHANIE NEWTON and THELMA NEWTON, as principals and aiders and abettors, corruptly obstructed, influenced, and impeded an official proceeding, and attempted to do so.

2. On or about February 2, 2010, a federal grand jury of the Western District of Virginia returned a sealed multi-count indictment charging ten residents of St. Charles, Virginia, with offenses involving the distribution of controlled substances, namely, violations of 21 U.S.C. §§ 841 & 846. Arrest warrants were issued under seal for these ten defendants and a "round-up" was planned for February 4, 2010, in order to arrest these individuals and interview them regarding drug distribution in St. Charles, Virginia.

3. On or about February 3, 2010, STEPHANIE NEWTON, an employee at the Southwest Virginia Regional Jail in Duffield, Virginia, contacted her aunt, THELMA NEWTON, and informed her that there was going to be a large scale arrest operation on February 4, 2010, and that the federal authorities were involved. STEPHANIE NEWTON furthered informed THELMA NEWTON that St. Charles, Virginia was going to be "raided." Additionally, STEPHANIE NEWTON informed other individuals that the federal authorities were preparing to make arrests in St. Charles, Virginia the next day.

4. Following the phone call from STEPHANIE NEWTON, THELMA NEWTON contacted and attempted to contact multiple individuals who were known drug distributors in St. Charles, Virginia. THELMA NEWTON informed these individuals that the federal authorities were preparing to make arrests in St. Charles, Virginia, the next day. At least three of these individuals had been indicted by the federal grand jury on February 2, 2010, and fled from their residences based upon this information.

USAO # 2010R00617

5. By providing information related to the pending arrests, STEPHANIE NEWTON and THELMA NEWTON, corruptly obstructed, influenced and impeded an official proceeding, and attempted to do so, namely, the arrests of individuals charged with violations of federal law and the ongoing investigation by federal law enforcement of drug distribution activity in St. Charles, Virginia.

6. All in violation of Title 18, United States Code, Sections 2 and 1512(c).

## COUNT THREE

The Grand Jury charges that:

1. On or about and between February 3, 2010 and February 4, 2010, in the Western District of Virginia and elsewhere, STEPHANIE NEWTON and THELMA NEWTON conspired to corruptly obstruct, influence, and impede an official proceeding in violation of Title 18, United States Code, Section 1512(c).

2. To effect the object of the conspiracy, the defendants did the following acts:

    a. On or about February 3, 2010, STEPHANIE NEWTON, an employee at the Southwest Virginia Regional Jail in Duffield, Virginia, contacted her aunt, THELMA NEWTON, and informed her that there was going to be a large scale arrest operation on February 4, 2010, and that the federal authorities were involved. STEPHANIE NEWTON furthered informed THELMA NEWTON that St. Charles, Virginia was going to be "raided."

    b. THELMA NEWTON contacted and attempted to contact multiple individuals who were known drug distributors in St. Charles, Virginia. THELMA NEWTON informed these individuals that the federal

authorities were preparing to make arrests in St. Charles, Virginia, the next day.

3. All in violation of Title 18, United States Code, Section 371.

## COUNT FOUR

The Grand Jury charges that:

1. On or about March 12, 2010, in the Western District of Virginia and elsewhere, STEPHANIE NEWTON, in any matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully made a materially false statement and representation.

2. On or about March 12, 2010, STEPHANIE NEWTON was questioned by a Special Agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") regarding violations of 18 U.S.C. § 1512(c), obstruction of justice, and 18 U.S.C. § 922(g)(1), possession of a firearm by a prohibited person.

3. Specifically, STEPHANIE NEWTON was questioned regarding her knowledge of arrests being made by Lee County law enforcement and the ATF on February 4, 2010. STEPHANIE NEWTON falsely stated words to the effect that prior to law enforcement arriving at THELMA NEWTON'S residence on February 4, 2010, she had no knowledge of arrests being made by Lee County law enforcement and the ATF. STEPHANIE NEWTON also falsely stated words to the effect that she made no phone calls either February 3, or 4, 2010, in order to provide information to people that federal arrests were going to be made.

4. In fact, prior to law enforcement arriving at THELMA NEWTON'S residence on February 4, 2010, STEPHANIE NEWTON knew that federal authorities would be conducting

arrests in St. Charles, Virginia, and had notified THELMA NEWTON and others of this fact on February 3, 2010.

5. STEPHANIE NEWTON was also questioned regarding her knowledge of Kenneth Newton's possession of a firearm in October 2009 while being a prohibited person. On February 2, 2010, Kenneth Newton was charged with a violation of 18 U.S.C. § 922(g)(1) for said possession. STEPHANIE NEWTON falsely stated words to the effect that she had no knowledge regarding Ken Newton's possession of a firearm and denied ever speaking with him while he was in jail in October 2009 about his possession of a firearm.

6. In fact, STEPHANIE NEWTON had spoken with Kenneth Newton when he was in jail regarding his possession of a firearm in October 2009.

7. The Bureau of Alcohol, Tobacco, Firearms, and Explosives is a part of the executive branch of the United States Government.

8. All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT FIVE

The Grand Jury charges that:

1. On or about and between October 12, 2009, and October 15, 2009, in the Western District of Virginia and elsewhere, JAMES CRABTREE, as a principal and as an aider and abettor, knowingly and intentionally possessed with the intent to distribute and distributed cocaine and OxyContin (oxycodone), or its equivalent, Schedule II controlled substances.

2. All in violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## NOTICE OF FORFEITURE

1. Upon conviction of one or more of the felony offenses alleged in Counts One and Five of this Indictment, the defendants shall forfeit to the United States:

> (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses, pursuant to Title 21 United States Code, Section 853(a)(1).
>
> (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said offenses, pursuant to Title 21 United States Code, Section 853(a)(2).

2. The property to be forfeited to the United States includes but is not limited to the following property:

> **Money Judgment**
>
> A sum of United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate was obtained directly or indirectly as a result of said offenses or is traceable to such property.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> (a) cannot be located upon the exercise of due diligence;
>
> (b) has been transferred or sold to, or deposited with a third person;
>
> (c) has been placed beyond the jurisdiction of the Court;
>
> (d) has been substantially diminished in value; or
>
> (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

A TRUE BILL, this \_\_\_\_17th\_\_\_\_ day of November, 2010.

_____*Brenda Vinson*_____
Grand Jury Foreperson

_____*Timothy J. Heaphy*_____
TIMOTHY J. HEAPHY
United States Attorney
by *JvR*